UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ELISABETH SERIAN,

    Plaintiff,

v.   Case No: 6:23-cv-2471-JSS-LHP

JETBLUE AIRWAYS
CORPORATION,

    Defendant.
_____/

## ORDER

Defendant JetBlue Airways Corp. moves to dismiss Plaintiff's Complaint with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6). (Motion, Dkt. 21.) Plaintiff opposes the Motion (Dkt. 29), and, with leave of court, Defendant filed a reply (Dkt. 32). For the reasons set forth below, Defendant's Motion is granted in part and denied in part.

### BACKGROUND

Plaintiff began working with Defendant in March of 2014 as a flight attendant. (Dkt. 2 ¶ 14.) In 2020, the Transportation Security Administration began requiring all airline passengers and employees to wear masks due to the coronavirus pandemic. (*Id.* ¶ 19.) Plaintiff alleges that she originally complied with the mandatory mask policy until she started "experiencing respiratory difficulties, including, but not limited to vomiting based on the long-term wearing of the face mask under highly pressurized

air." (*Id.* ¶ 21.) Plaintiff alleges that she was examined by a health-practitioner, who wrote her a letter stating that Plaintiff's "health was at issue due to the face mask mandate and indicated that she required a reasonable accommodation." (*Id.* ¶ 23.)

According to Plaintiff, she made a formal request to Defendant for an accommodation to not wear a face mask in July 2020. (*Id.* ¶ 24.) Plaintiff alleges that Defendant denied this request, informing her she could "wear a face mask or get a leave of absence." (*Id.* ¶ 25.) Plaintiff further alleges that she "was even denied an accommodation of wearing a face shield instead of a mask." (*Id.*) However, she continued to comply with the mandatory mask mandate. (*Id.* ¶ 27.)

Plaintiff alleges that she continued to email Defendant requesting reconsideration of her request, but no change was made. (*Id.* ¶ 31.) Plaintiff became "very vocal on Defendant's unofficial private Facebook page" regarding the "detrimental" effects of face masks to "one's health when worn for extended periods of time[.]" (*Id.* ¶ 32.) Plaintiff alleges that employees of Defendant took issue with her posts and "began bullying and harassing her through [Defendant]'s Facebook page." (*Id.* ¶ 33.) According to Plaintiff, she reported the bullying and Defendant did not take any action. (*Id.* ¶ 34.)

The mask mandate was rescinded around April 2022. (*Id.* ¶ 41.) Plaintiff alleges that Defendant suspended her pending the outcome of an investigatory hearing on April 18, 2022. (*Id.* ¶¶ 35, 42.) Plaintiff alleges that Defendant "revised the subject matter" of the investigatory hearing from her request for accommodation to the

Company "accusing her . . . of cyberbullying." (*Id.* ¶ 43.) Defendant subsequently terminated Plaintiff due to social media violations, but Plaintiff alleges that the violations "were never brought to her attention." (*Id.* ¶ 50.)

Plaintiff filed her Complaint against Defendant asserting three counts. In Count I, Plaintiff alleges that Defendant failed to provide a reasonable accommodation pursuant to the Americans with Disabilities Act (ADA), 42 U.S.C. § 12112(b)(5). In Count II, Plaintiff alleges that Defendant retaliated against her in violation of Title VII, 42 U.S.C. § 2000e, and the ADA, 42 U.S.C. § 12203(a). In Count III, Plaintiff alleges that Defendant created a hostile work environment in violation of Title VII, 42 U.S.C. § 2000e. Defendant now moves to dismiss each of Plaintiff's claims. (Dkt. 21.)

## APPLICABLE STANDARDS

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) requires the court to accept all factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009); *Turner v. Williams*, 65 F.4th 564, 577 (11th Cir. 2023). A pleading "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft,* 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Edwards v. Dothan City Schools*, 82 F.4th 1306, 1310 (11th Cir. 2023) (quoting *Ashcroft*, 556 U.S. at 678)). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of

action will not do." *Mills v. Foremost Ins. Co.*, 511 F.3d 1300, 1303 (11th Cir. 2008) (quoting *Twombly*, 550 U.S. at 545)).

## ANALYSIS

### A. Matters Outside of the Pleadings

Defendant, in its Motion to Dismiss, relies upon evidence that was not attached to the Complaint. (Dkt. 21-1.) This evidence includes Plaintiff's EEOC Charge of Discrimination, an email from Plaintiff, and a Facebook post. (*Id.*) Plaintiff argues in her response that it would be improper to consider these documents because they are outside the four corners of the Complaint. (Dkt. 29 at 7–14.) Plaintiff argues that considering matters outside the Complaint converts the motion to dismiss into a motion for summary judgment. (*Id.* at 8.)

The court may consider a document outside the complaint on a motion to dismiss if it is "(1) central to the plaintiff's claim, and (2) its authenticity is not challenged." *SFM Holdings, Ltd. v. Banc of Am. Sec., LLC*, 600 F.3d 1334, 1337 (11th Cir. 2010). Here, the EEOC Charge is central to Plaintiff's claim because it is referred to in her Complaint and is necessary to demonstrate that Plaintiff satisfied the administrative conditions precedent to filing suit by first filing a timely charge of discrimination with the EEOC. *See, e.g.*, *McClure v. Oasis Outsourcing II, Inc.*, 674 F. App'x. 873, 875–76 (11th Cir. 2016) (finding the district court did not err in considering an EEOC charge when it "demonstrated that [plaintiff] satisfied the administrative requirements of the ADA"); *see also Bunyan v. United States*, 501 F. Supp.

3d 1264, 1281–82 (M.D. Fla. 2020); *Short v. Immokalee Water & Sewer Dist.*, 165 F. Supp. 3d 1129, 1143 (M.D. Fla. 2016); *Chesnut v. Ethan Allen Retail, Inc.*, 971 F. Supp. 2d 1223, 1228 (N.D. Ga. 2013) ("the EEOC charge is a document that courts routinely consider when ruling on a motion to dismiss, even if it was not attached to the pleading") (collecting cases).

Additionally, Plaintiff does not dispute the authenticity of the EEOC Charge; rather, she argues that it "serves to reinforce Plaintiff's claims." (Dkt. 29 at 9.) Therefore, the court will consider the EEOC Charge of Discrimination in ruling on Defendant's Motion to Dismiss. In contrast, Plaintiff disputes the authenticity of the email and screenshot from social media. (*Id.* at 13, 15.) Therefore, the court declines to consider them at this stage. *See, e.g.*, *Bunyan*, 501 F. Supp. 3d at 1282 (considering EEOC charge but excluding other documents at the motion to dismiss stage because it is unclear whether their authenticity is undisputed).

### B. Failure-To-Accommodate Under the ADA (Count I)

In Count I, Plaintiff asserts a claim for failure to accommodate under the ADA. (Dkt. 2 ¶¶ 64–71.) Defendant argues that the claim should be dismissed because Plaintiff failed to exhaust her administrative requirements and Plaintiff's claim is deficiently pleaded. (Dkt. 21 at 10–11.) Upon consideration, the court disagrees with Defendant's assertions and denies Defendant's Motion as to Count I.

#### 1. Failure to Exhaust Administrative Requirements

Defendant first argues that Count I should be dismissed as untimely for failure to exhaust administrative remedies. (*Id.* at 9.) The timely filing of an EEOC complaint

is considered a condition precedent to an ADA action. *Maynard v. Pneumatic Prod. Corp.*, 256 F.3d 1259, 1262 (11th Cir. 2001). "In pleading conditions precedent, it suffices to allege generally that all conditions precedent have occurred or been performed." Fed. R. Civ. P. 9(c). "For a charge to be timely in a deferral state[1] such as Florida, it must be filed within 300 days of the . . . discriminatory act." *EEOC v. Joe's Stone Crabs, Inc.*, 296 F.3d 1265, 1271 (11th Cir. 2002).

Plaintiff filed her EEOC Charge on October 4, 2022. (Dkt. 21-1.) Defendant argues that Plaintiff failed to sufficiently allege that the discriminatory act occurred within 300 days of October 4, 2022. (Dkt. 21 at 10.) Although Plaintiff's claim is limited by this time period, her general statement that she "filed her EEOC grievance with the EEOC" and "complied with all pre-filing requirements" is sufficient to survive a motion to dismiss. (Dkt. 2 ¶¶ 11, 12); *Myers v. Cent. Fla. Invs., Inc.*, 592 F.3d 1201 (11th Cir. 2010) (finding the general statement that plaintiff had "'fulfilled all conditions precedent to institution of this action' . . . sufficient to discharge her duty under Rule 9").

2. **Failure to State a Claim**

Defendant also argues that Plaintiff's failure to accommodate claim is deficiently pleaded. (Dkt. 21 at 11.) To establish a prima facie case for failure to

---

[1] "Deferral states are those that prohibit the unlawful employment practice at issue and have established state or local authorities to grant or seek relief for such practice." *Maynard v. Pneumatic Prods. Corp.*, 256 F.3d 1259, 1262–63 (11th Cir. 2001). Non-deferral states require the plaintiff to file a charge with the EEOC within 180 days; however, deferral states extend this period to 300 days to give the "state agencies notice of the alleged discrimination and an opportunity to investigate the allegations before the federal agency gets involved." *Id.*

accommodate under the ADA, Plaintiff must show: "(1) [she] is disabled; (2) [she] is a qualified individual; and (3) [she] was subjected to unlawful discrimination because of [her] disability." *Holly v. Clairson Indus., LLC*, 492 F.3d 1247, 1255–56 (11th Cir. 2007). Defendant argues that Plaintiff fails to establish that she is disabled and that she requested a reasonable accommodation. (Dkt. 21 at 11–12.)

The ADA defines disability as "a physical or mental impairment that substantially limits one or more major life activities." 42 U.S.C. § 12102(1)(A). Major life activities "include, but are not limited to, caring for oneself, performing manual tasks, . . . eating, sleeping, . . . [and] breathing." 42 U.S.C. § 12102(2)(A). A major life activity also covers "the operation of major bodily function, including but not limited to, functions of the . . . digestive [and] bowel . . . functions." 42 U.S.C. § 12102(2)(B). "[T]he phrase 'substantially limits' is to be 'construed broadly in terms of extensive coverage' and is 'not meant to be a demanding standard.'" *Mazzeo v. Color Resols. Int'l, LLC*, 746 F.3d 1264, 1269–70 (11th Cir. 2014) (quoting 29 C.F.R. § 1630.2(j)(1)(i)). "The determination of whether an impairment substantially limits a major life activity requires an individualized assessment." 29 C.F.R. § 1630.2(j)(1)(iv). The definition of disability "shall be construed in favor of broad coverage of individuals." 42 U.S.C. § 12102(4)(A).

In her Complaint, Plaintiff alleges that she experienced "respiratory distress, fatigue, and nausea" and this caused her "to vomit as many as nine times per flight." (Dkt. 2 ¶¶ 28, 27.) These allegations are sufficient at this stage to survive a motion to dismiss. 42 U.S.C. § 12102(4)(A); *see, e.g.*, *Mayorga v. Alorica, Inc.*, No. 12-21578-CIV,

2012 WL 3043021, at *6 (S.D. Fla. July 25, 2012) ("the determinations of whether the nature, duration, and severity of . . . symptoms qualify as a disability is usually a question of fact that requires an individualized determination not properly made on a motion to dismiss"); *Brown v. Roanoke Rehab. & Healthcare Ctr.*, 586 F. Supp. 3d 1171, 1177 (M.D. Ala. 2022) (denying defendant's motion to dismiss when "[c]omplaint makes clear that [plaintiff's] symptoms impacted her ability to breath [sic], concentrate, and work, all of which are statutorily recognized major life activities").

Defendant also asserts that Plaintiff fails to sufficiently plead that she requested an accommodation and that the accommodation requested is reasonable. (Dkt. 21 at 11–12.) Plaintiff has the burden of identifying an accommodation that would allow her to perform the job and must demonstrate that the accommodation is reasonable. *Stewart v. Happy Herman's Cheshire Bridge, Inc.*, 117 F.3d 1278, 1286 (11th Cir. 1997). "What constitutes a reasonable accommodation depends on the circumstances[.]" *See Frazier-White v. Gee*, 818 F.3d 1249, 1255 (11th Cir. 2016); *see also US Airways, Inc. v. Barnett*, 535 U.S. 391, 405 (2002) (quoting *Borkowski v. Valley Cent. Sch. Dist.*, 63 F.3d 131, 137 (2d Cir. 1995)) ("[A]n accommodation that imposed burdens that would be unreasonable for most members of an industry might nevertheless be required of an individual defendant in light of that employer's particular circumstances."). Reasonable accommodations may include "job restructuring, . . . acquisition or modification of equipment or devices, . . . and other similar accommodations for individuals with disabilities." 42 U.S.C. § 12111(9)(B).

Plaintiff alleges that she "made a formal request for an accommodation" and was "denied any reasonable accommodation such as wearing a face shield."[2] (Dkt. 2 ¶¶ 24, 56.) At this stage, Plaintiff's allegations, accepted as true, are sufficient to show that she made a request for a reasonable accommodation. *See, e.g.*, *Cottam v. Walgreen Co.*, No. 6:19-cv-2182-Orl-22EJK, 2020 WL 211033, at *4 (M.D. Fla. Jan. 14, 2020) (denying defendant's motion to dismiss when plaintiff's request for extended leave of absence "may be a reasonable accommodation in certain circumstances"); *Bend v. Scalia*, No. 1:19-CV-4295-JPB-JSA, 2020 WL 13543883, at *8 (N.D. Ga. Sept. 21, 2020) (denying defendant's motion to dismiss because "[t]he court . . . cannot categorically state at this juncture that [p]laintiff's requested remedy of . . . leave is unreasonable").

Lastly, Defendant argues that Plaintiff fails to consider the undue hardship and the direct threat that her failure to wear a mask would have posed. (Dkt. 21 at 12–13.) Undue hardship is an affirmative defense, *Willis v. Conopco, Inc.*, 108 F.3d 282, 286 (11th Cir. 1997), and "[g]enerally, the existence of an affirmative defense will not support a motion to dismiss." *Short*, 165 F. Supp. 3d at 1140 (quoting *Quiller v. Barclays Am./Credit, Inc.*, 727 F.2d 1067, 1069 (11th Cir.1984), *aff'd on reh'g*, 764 F.2d 1400 (11th Cir.1985) (en banc) (per curiam)). Similarly, the direct threat exception "is an

---

[2] Plaintiff, in her response to Defendant's Motion, argues that "[Defendant] neither granted nor denied her request." (Dkt. 29 at 6.) This assertion is inconsistent with the Complaint, which states that she was denied an accommodation. (Dkt. 2 ¶¶ 25, 56.) Defendant argues that this inconsistency undermines her failure-to-accommodate claim. Because "[t]he scope of review must be limited to the four corners of the complaint," the court is "required to accept the allegations in the complaint as true." *St. George v. Pinellas Cnty.*, 285 F.3d 1334 (11th Cir. 2002). Therefore, Plaintiff's allegations in the Complaint control.

affirmative defense and thus does not aid [Defendant] at the motion to dismiss stage." *Hunt v. Aimco Properties, L.P.*, 814 F.3d 1213, 1225 (11th Cir. 2016). Defendant's Motion as to Count I is therefore denied.

### C. Retaliation Under the ADA (Count II)

In Count II, Plaintiff asserts a claim for retaliation under the ADA and Title VII. (Dkt. 2 ¶¶ 72–78.) A retaliation claim requires Plaintiff to show: "(1) she engaged in a statutorily protected expression, (2) she suffered an adverse employment action, and (3) there was a causal link between the two." *Frazier-White*, 818 F.3d at 1258. Retaliation under the ADA and Title VII are assessed under the same framework because the ADA's "prohibition on retaliation . . . is similar to Title VII's[.]" *Satchel v. Sch. Bd. Hillsborough Cnty.*, 251 Fed. App'x. 626, 629 (11th Cir. 2007) (quoting *Stewart*, 117 F.3d at 1287). Defendant does not dispute that Plaintiff alleges she engaged in protected activity; however, Defendant does dispute whether Plaintiff establishes a causal link between the protected activity and the adverse employment action. (Dkt. 21 at 16–19.)

The causal link element "requires a showing of but-for causation." *Frazier-White*, 818 F.3d at 1258 (citing *Univ. of Texas Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 360 (2013)). Courts "construe the causal link element broadly so that 'a plaintiff merely has to prove that the protected activity and the negative employment action are not completely unrelated.'" *Goldsmith v. Bagby Elevator Co.*, 513 F.3d 1261, 1278 (11th Cir. 2008) (citing *Olmstead v. Taco Bell Corp.*, 141 F.3d 1457, 1460 (11th Cir. 1998)); *see also*

*Diaz v. Fla.*, 219 F. Supp. 3d 1207, 1220 (S.D. Fla. 2016) (finding that the required showing was only "that the protected activity and the adverse action are not wholly unrelated"). A plaintiff shows that the protected activity and the adverse action were not wholly unrelated by "show[ing] that the decision maker was aware of the protected conduct at the time of the adverse employment action." *Goldsmith*, 513 F.3d at 1278 (quoting *Brungart v. BellSouth Telecomms., Inc.*, 231 F.3d 791, 799 (11th Cir. 2000)).

Upon review of the Complaint, it is not clear to the court which protected activity Plaintiff is attempting to link to which adverse action. Plaintiff alleges that Defendant was aware that she "was engaged in the protected activity of making her claim of discrimination." (Dkt. 2 ¶ 73.) However, Plaintiff did not "mak[e] her claim of discrimination" until after her termination. (*Id.* ¶ 73; Dkt. 21-1.) Because the EEOC Charge was filed on October 4, 2022 and Plaintiff was terminated on April 26, 2022, it is unclear whether Defendant was aware of Plaintiff's allegedly protected activity when it terminated her. (Dkt. 21-1.) Considering the allegations in Plaintiff's Complaint, the court cannot infer that there was a causal connection between Plaintiff's EEOC Charge and termination because "[defendant] can't retaliate against something [it doesn't] know exists." *Matamoros v. Broward Sheriff's Off.*, 2 F.4th 1329, 1337 (11th Cir. 2021).

Plaintiff also alleges that she was retaliated against "for objecting to [Defendant's] . . . failure to accommodate." (Dkt. 2 ¶ 72.) Causation can be inferred if Plaintiff shows "close temporal proximity between the statutorily protected activity and the adverse employment action." *Thomas v. Cooper Lighting, Inc.*, 506 F.3d 1361,

1364 (11th Cir. 2007). Plaintiff generally alleges that she requested an accommodation in July 2020. (Dkt. 2 ¶ 24.) Thus, the alleged protected activity occurred almost two years before Plaintiff's termination in April 2022. (*Id.* ¶¶ 41, 44.) The significant disparity in time between Plaintiff's protected activity and the adverse action is insufficient to establish an inference of causation. *Thomas*, 506 F.3d at 1364 ("A three-to-four-month disparity between the statutorily protected expression and the adverse employment action is not enough.").

"In the absence of close temporal proximity . . . a plaintiff may be able to establish causation where intervening retaliatory acts commenced shortly after the plaintiff engaged in protected activity." *Boyland v. Corrections Corp. of Am.*, 390 F. App'x. 973, 974–75 (11th Cir. 2010). Other than Plaintiff's termination, which occurred two years after her alleged protected activity, Plaintiff fails to provide any other facts tending to show causation. Rather, Plaintiff makes a conclusory allegation that "[b]ecause [she] objected to the discriminatory conduct of [Defendant], they engaged in a campaign of retaliation against [her]." (Dkt. 2 ¶ 74.) Given that Plaintiff has failed to allege facts that tend to show causation, her retaliation claims are dismissed. *Thompson v. City of Miami Beach, Fla.*, 990 F. Supp. 2d 1335, 1343 (S.D. Fla. 2014) (dismissing Title VII retaliation claim when "[t]he adverse employment actions and retaliatory acts are too far removed from [plaintiff's] protected activity"); *see, e.g.*, *Torres v. Pasco Cnty. Bd. of Cnty. Commissioners*, No. 8:21-cv-892-TPB-JSS, 2021 WL 3550369, at *5 (M.D. Fla. Aug. 11, 2021) (dismissing retaliation claim when plaintiff relied only on temporal proximity and did "not clearly identify any of the

dates associated with most of the adverse employment actions"); *Short v. Immokalee Water & Sewage Dist.*, No. 2:18-cv-124-FtM-99CM, 2018 WL 3389910, at *2 (M.D. Fla. July 12, 2018) (dismissing retaliation claim because "the nine-month lapse . . . without more does not 'nudge' the retaliation claim 'across the line from conceivable to plausive'"). Defendant's Motion as to Count II is therefore granted in part and Count II is dismissed without prejudice.

### D. Failure to Exhaust Administrative Requirements under Title VII (Counts II and III)

In Counts II and III, Plaintiff asserts claims under Title VII for retaliation and hostile work environment, respectively. (Dkt. 2 ¶¶ 72–85.) Defendant argues that Plaintiff failed to exhaust her administrative remedies because her EEOC Charge "does not reference or implicate Title VII whatsoever." (Dkt. 21 at 19.) As discussed above, the court will consider the EEOC Charge because it is central to the Complaint and its authenticity is not disputed.

Before filing a discrimination lawsuit in the district court, a plaintiff must first file a charge of discrimination with the EEOC. *Wilkerson v. Grinnell Corp.*, 270 F.3d 1314, 1317 (11th Cir. 2001). The purpose of the administrative exhaustion requirement is to allow the EEOC to have the first opportunity to investigate alleged discriminatory practices. *Evans v. U.S. Pipe & Foundry Co.*, 696 F.2d 925, 929 (11th Cir. 1983). Thus, "a plaintiff's judicial complaint is limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *Gregory v. Ga. Dep't of Hum. Res.*, 355 F.3d 1277, 1280 (11th Cir. 2004)

(internal quotation and citation omitted). However, courts are "extremely reluctant to allow procedural technicalities to bar claims brought under Title VII." *Gregory,* 355 F.3d at 1280. Therefore, the scope of the EEOC Charge should not be strictly interpreted. *Id.*

Nonetheless, Plaintiff does not allege in her Complaint or EEOC Charge that she is a member of any specific protected class under Title VII. *See* (Dkts. 1, 21-1); 42 U.S.C. § 2000e-2(a) ("[i]t shall be an unlawful employment practice . . . to discriminate against any individual . . . because of such individual's race, color, religion, sex, or national origin"). The EEOC Charge includes a section inquiring what the discrimination is based upon and Plaintiff answered "disability" but did not list any of the protected classes under Title VII. (Dkt. 21-1.) Additionally, Plaintiff alleges in the EEOC Charge that she "was discriminated against because of my disability and retaliation status in violation of the Americans with Disabilities Act" but fails to mention Title VII or any of its protected classes. (*Id.*)

Plaintiff failed to exhaust her administrative prerequisites under Title VII because her Title VII discrimination claims did not fall within the scope of her EEOC Charge. *Chanda v. Engelhard/ICC*, 234 F.3d 1219, 1225 (11th Cir. 2000) (concluding that "a reasonable investigation based on the EEOC charge . . . would not encompass retaliation based on [Title VII]" when plaintiff's EEOC charge only complained of disability discrimination); *see, e.g., Ortiz v. Waste Mgt., Inc. of Fla.*, 808 Fed. App'x. 1010, 1014–15 (11th Cir. 2020) (affirming district court's dismissal of plaintiff's Title VII claims for retaliation and hostile work environment when "[p]laintiff's EEOC charge

- 14 -

contained no factual allegations . . . complaining about discrimination, harassment, or retaliation based on [p]laintiff's sex"); *cf.*, *Holmes v. Alabama Bd. of Pardons & Paroles*, 591 F. App'x. 737, 745 (11th Cir. 2014) (affirming district court's conclusion that plaintiff's race discrimination claim was outside the scope of EEOC charge when his "communications with the EEOC emphasized only age discrimination . . . and not race discrimination"). Therefore, Defendant's Motion as to Counts II and III is granted in part and Plaintiff's Title VII retaliation claim in Count II and hostile work environment claim in Count III are dismissed without prejudice for failure to exhaust the administrative prerequisites under Title VII.

### E. Hostile Work Environment Under Title VII (Count III)

In Count III, Plaintiff asserts a claim for hostile work environment under Title VII. (Dkt. 2 ¶¶ 79–85.) To establish a prima facie case of hostile work environment under Title VII, Plaintiff must show:

> (1) that he or she belongs to a protected group; (2) that the [plaintiff] has been subject to unwelcome harassment . . ; (3) that the harassment must have been based on the sex of the employee; (4) that the harassment was sufficiently severe or pervasive to alter the terms and conditions of employment . . ; and (5) a basis for holding the employer liable.

*Reeves v. C.H. Robinson Worldwide, Inc.*, 594 F.3d 798, 808 (11th Cir. 2010) (quoting *Mendoza v. Borden, Inc.*, 195 F.3d 1238, 1245 (11th Cir. 1999)).

Defendant argues that "[e]ven assuming, arguendo, that Plaintiff's . . . claim was not procedurally barred . . . it should nevertheless be dismissed for failure to state a claim." (Dkt. 21 at 22.) Specifically, Defendant argues that Plaintiff fails to allege whether the harassment "occurred due to a protected ground or reason." (*Id.* at 23.)

In her Complaint, Plaintiff alleges that other crewmembers harassed her because they "took great issue with [her] expressing her opinion of the detrimental health effects of prolonged face mask wearing." (Dkt. 2 ¶ 79.) However, "[Title VII] does not prohibit harassment alone, . . . [i]nstead, Title VII prohibits discrimination, including harassment that discriminates based on a protected category such as sex." *Baldwin v. Blue Cross/Blue Shield of Ala.*, 480 F.3d 1287, 1301–02 (11th Cir. 2007).

Upon consideration, Plaintiff fails to allege sufficient facts suggesting that race, religion, color, sex, or national origin played any role in the harassment.[3] *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1301 (11th Cir. 2010) (affirming dismissal of hostile work environment claim under § 1981 when complaint "suggests that [defendant] discriminated against [plaintiff] because he had complained . . . about [defendant's] employment of illegal aliens—not because of his race"); *see, e.g.*, *Uppal v. Hosp. Corp. of Am.*, 482 F. App'x. 394, 396 (11th Cir. 2012) (affirming dismissal of hostile work environment claim when defendant "failed to allege sufficient facts suggesting that gender, race or national origin played any part in the adverse employment actions"); *Person v. Lamberti*, No. 10-60335-CIV-GOLD/McAULEY, 2010 WL 11602743, at *3 (S.D. Fla. July 7, 2010) (concluding that plaintiff's allegation that she was labeled as a "traitor" and "snitch" did not "support the contention that [p]laintiff was harassed due

---

[3] As explained above, the court dismisses Count III without prejudice for failure to exhaust administrative remedies. Nevertheless, the court finds that that Count III is due to be dismissed without prejudice for the additional reason that Plaintiff has failed to state a claim.

to her race or gender.").[4]  Thus, Defendant's Motion is granted in part and Count III is dismissed without prejudice.

## CONCLUSION

Accordingly:

1. Defendant's Motion to Dismiss Complaint (Dkt. 21) is **GRANTED in part** and **DENIED in part**.

2. Defendant's Motion is granted to the extent that Counts II and III are dismissed without prejudice.  Plaintiff may file an amended complaint that addresses the deficiencies described herein within 30 days of this order.

3. Defendant's Motion is otherwise denied.

**ORDERED** in Orlando, Florida, on July 11, 2024.

_____
JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record

---

[4] Because the court is dismissing Count III for failure to state a claim and for failure to exhaust administrative remedies, it declines to address Defendant's additional arguments.