IN THE UNITED STATES COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
Orlando Division

| | |
|---|---|
| **ELISABETH SERIAN,** | ) Civil Action No.: Case No.: 6:23-CV-02471 |
| | ) |
| **Plaintiff,** | ) |
| **vs.** | ) |
| | ) |
| **JETBLUE AIRWAYS CORP.,** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

## PLAINTIFF'S ATTORNEY'S REPLY BRIEF TO DEFENDANT'S RESPONSE TO PLAINTIFF'S ATTORNEY'S MOTION TO WITHDRAW

### INTRODUCTION

Plaintiff's counsel's services were terminated during a telephonic conference with client/Serian on October 19, 2024. See Exhibit "**A**" Plaintiff's Affidavit. Pursuant to client's written direction, and the Rules Regulating the Florida Bar, Plaintiff's counsel is prohibited from taking certain actions to include, but not be limited to, the reasons for discharge. [1]

Pursuant to the R. Regul. Fla. Bar Rule 4-1.16(a)(3) (a) A Lawyer **Must** Terminate Representation when the lawyer is discharged. Pursuant to the Comments, a client has a right to discharge a lawyer at any time, with or without cause. Therefore, Plaintiff's attorney sent an email to Defendant's counsel on October 21, 2024 at 10:32 am alerting him to client's termination of counsel's legal services.

> I just wanted to prepare you for the call at 11:00 a.m. this morning.
> As of Saturday, October 19, 2024 at approximately 2:18, my representation of the plaintiff in the case has terminated at her request.

---

[1] RULE 4-1.2 OBJECTIVES AND SCOPE OF REPRESENTATION (a) Lawyer to Abide by Client's Decisions.

Email from Dawn Alba to Raymond Berti and Ashlea Edwards on October 21, 2024 at 10:32am. See Exhibit "**B**" Email Exchanges.

Pursuant to the Florida Middle District Court Local Rules 2.02 – Appearance and Withdrawal of a Lawyer; to withdraw, a lawyer must notify each affected client fourteen days before moving to withdraw unless the client consents to withdraw. Here, client terminated attorney's services, therefore, the fourteen days' notice is moot.  Secondly, the attorney must file a motion to withdraw that includes the certification of notice, and client's information if they are proceeding *pro se*.

Additionally, pursuant to F.L.M.D. L.R. 2.02, the court's consideration of a withdrawing attorney focuses on certain factors to include whether withdrawal might cause the continuance of a trial. Additional factors include whether a client will be prejudiced, and whether there are any deadlines pending.

Here, Plaintiff is not requesting an extension of time, nor is she requesting to stay the proceedings. The parties are in the discovery phase of litigation and the only deadline looming is for Defendants to respond to Plaintiff's discovery requests to include interrogatories and requests for admission. See Composite Exhibit "**C**" Plaintiff's Service of Discovery.

## RESPONSE

On October 25, 2024, this Court ordered Plaintiff's counsel to submit a response to Defendant's Motion in Opposition to Plaintiff's Counsel's withdrawal. (Dkt. 41) Notwithstanding the Comments pursuant to R. Regul. Fla. Bar 4-1.16 which state that, "The lawyer's statement that professional considerations require termination of the representation ordinarily should be accepted as sufficient," Plaintiff's counsel will use her best efforts to respond to the pending motion while simultaneously preserving attorney/client privilege, protecting the attorney work product doctrine and strictly adhering to the client's rightful demands of confidentiality. Plaintiff's counsel consulted the Florida Bar Ethics Hotline on October 22, 2024 reference number 621600.

2

**RESPONSE TO DEFENDANT'S ISSUES**

Defendant claims that the assertion of the April 18, 2022 investigatory meeting are "new assertions." To the contrary, Plaintiff's EEOC documents as well as discovery requests target the full disclosure of the events that transpired during this meeting. What is concerning, however, is that Defendants claim in their Answer to this Court that this meeting did not take place. (Dkt. 36 at 18)

Defendants also falsely claim that there are pending responses due from Plaintiff. There is no request pending from Defendant for anything as Plaintiff has provided all responses to Defendant's discovery in full. Plaintiff strenuously denies that there is **any** outstanding request from Defendant to produce as they claim, a HIPPA form. (Dkt 40 at 14) While it is true that the only remaining claim in Plaintiff's complaint is a failure to accommodate; based on discovery and the revelation of information and documents not previously in Plaintiff's possession at the time of institution of suit, it is possible that Plaintiff could seek leave of the court to amend the complaint.

With an abundance of caution in answering the discovery requests, Plaintiff admits that she did not file a formal written request for an accommodation with the ADA again, however, **the April 18, 2022 meeting on which the EEOC issued their Notice of Right to Sue,** raises the issue that Plaintiff, presenting a Keynote Presentation on her health, the prescription for an accommodation, and other key pieces of evidence regarding the detriment of wearing a mask at high altitudes was the reason that she was terminated just days later. Understanding what transpired in the April 18, 2022 meeting and the subsequent April 26, 2022 termination are of utmost importance. But Defendants, in their Answer to this Court deny that the April 18, 2022 meeting even took place and they also failed to produce any documentation that was allegedly provided to each attendee via email regarding that meeting.  Plaintiff is entitled to engage in discovery to fully develop vital evidence. Pursuant to R. Regul. Fla. Bar 4-3.  ADVOCATE RULE 4-3.1 MERITORIOUS CLAIMS AND CONTENTIONS: **The filing of an action or defense or similar action taken for a client is not frivolous merely**

3

**because the facts have not first been fully substantiated or because the lawyer expects to develop vital evidence only by discovery**. **4-1.3 DILIGENCE A lawyer should pursue a matter on behalf of a client despite opposition, obstruction or personal inconvenience . . . unless the relationship is terminated**. Here, as is often the case with employment actions, Plaintiff, immediately upon termination lost access to critical information housed on Defendant's server.

## DEFENDANTS ARE ATTEMPTING TO AVOID RESPONDING TO DISCOVERY

As mentioned, the only pending deadline is for Defendant to reply to the pending discovery requests filed by Plaintiff. Defendant's opposition to plaintiff's attorney withdrawing from the instant litigation is nothing but a red herring attempt to avoid filing responses to Plaintiff's pending discovery requests as well as a veiled attempt at arguing a motion to dismiss.

Defendants, in reality, are trying desperately to avoid responding to Plaintiff's pending discovery requests because Defendants have provided contradictory responses.[2]

For instance, in Plaintiff's Complaint,

> Plaintiff alleges that Defendant suspended her pending the outcome of an investigatory hearing on April 18, 2022. (*Id.* ¶¶ 35, 42.) Plaintiff alleges that Defendant "revised the subject matter" of the investigatory hearing from her request for accommodation to the Company "accusing her . . . of cyberbullying." (*Id.* ¶ 43.) Defendant subsequently terminated Plaintiff due to social media violations, but Plaintiff alleges that the violations "were never brought to her attention." (*Id.* ¶ 50.)

> **The EEOC issued their Notice of Right to Sue based on two dates of discrimination, namely, 6/20/2020 and 4/26/2022**. See Exhibit "**D**."

The investigatory hearing was held on April 18, 2022 and Plaintiff was terminated on April 26, 2022 as a result of an April 18, 2022 "investigatory meeting." Pursuant to Defendant's Request for Production of Documents, Plaintiff provided a "Keynote Presentation" which she presented to the

---

[2] RULE 4-3.4 FAIRNESS TO OPPOSING PARTY AND COUNSEL A lawyer must not: (a) unlawfully obstruct another party's access to evidence or otherwise unlawfully alter, destroy, or conceal a document or other material that the lawyer knows or reasonably should know is relevant to a pending or a reasonably foreseeable proceeding; nor counsel or assist another person to do any such act;

4

attendees at the April 18, 2022 meeting. Plaintiff also alleges that she "sent an email to [her] CEO and upper management saying [she] can no longer comply per [her] health.

### Adverse Action(s)

> When the mask mandate was extended to May 3rd, I sent an email to my ceo and upper management saying I can no longer comply per my health. I was immediately told I had a meeting. My confidentiality was violated, I was harassed and bullied by crew members with all the screen recordings showing. I presented all this to them at the meeting. And additionally, the day of my meeting was the day the mandate was dropped. My assumption was I?d be getting back to work as that?s the reason why I was suspended. Yesterday (4/26) I was told over phone I?m fired because I violated social media. I was a bully. And I tried to incite a rebellion (my word but same point). All 3 reasons are lies. I told them so on the call that those are blatant lies and can be proven in black and white. They are protecting the ones that gossiped about my suspension and harassed me because of my email to the CEO.

The Adverse Actions were sent to the EEOC, after which the EEOC conducted their investigation and provided the Plaintiff the Notice of the Right to Sue. See Exhibit "**D**." Even though Defendants provided documents pursuant to Plaintiff's discovery request regarding the April 18, 2022 meeting, including a list of the attendees, they deny in their Answer to this Court every allegation that there was an April 18, 2022 meeting and also fail to provide the Keynote presentation that was purportedly emailed to every attendee.

Plaintiff has emailed Defendants about the discrepancies numerous times and accordingly, sent out requests for discovery to allow Defendants to provide a reasonable explanation for the discrepancies presented to this Court in Defendant's Answer as opposed to what has been provided in Defendant's production of documents pursuant Plaintiff's request for production. The latest of which was October 22, 2024.

> I feel that your emails are highly unethical. I feel that your desperation comes from the pending discovery requests that your client must respond to. They have been deceptive in their Answer to the Court and I believe that they do not want to respond to discovery and that is why you are trying to bully me into bullying my former client to dismiss this case.

> I have stated that your client's deception is a cause for concern for quite some time in numerous emails and in pending discovery requests. I think it is disingenuous of you to try to state that plaintiff has done anything to warrant sanctions as I believe it is your client who has had a lack of candor in their responses. Email from Dawn Alba to Ashlea Edwards and Raymond Berti October 22, 2024 at 4:23pm. See Exhibit "**B**"

This Opposition to Plaintiff's Attorney's Withdrawal Motion is nothing but a thinly veiled attempt to delay Defendant's duty to provide responses to Plaintiff's discovery requests which may inevitably expose a possible lack of candor with this Court.

### THE ONLY PENDING DEADLINES ARE FOR DEFENDANTS

Plaintiff served Interrogatories on October 9, 2024 and Requests for Admission on October 11, 2024 to Defendants. See Exhibit "**C**." **These are the only deadlines pending before this Court**. These discovery requests are essential in uncovering evidence of Plaintiff's claims. For instance, interrogatories seek to uncover information which will fully determine whether Plaintiff's presentation during the April 18, 2022 meeting rises to the level of an attempt at a request for accommodation for which she was terminated and which may ultimately restart the clock; if this is the case, prior discriminatory practices may also be taken into account.

The pending opposition to withdrawal is nothing but an impermissible second bite at a motion to dismiss which would be improperly before the court. Defendant's *pro hac vice* attorney, after being fully aware of Plaintiff's attorney's duty to withdraw, requested that Plaintiff's counsel persuade her former client to voluntarily dismiss her case.

Defendant's counsel inexplicably has filed this opposition which is contrary to his own emails whereby he declares that Plaintiff's counsel has an *obligation* to withdraw as counsel.

> Significantly, pursuant to Rule 11, both you and your client have an obligation to voluntarily dismiss this case; and, if your client declines to do so, **you have an obligation to withdraw as counsel**. Raymond Berti October 9, 2024 2:04 pm. Emphasis added. See Exhibit "**B**"

**Plaintiff's attorney hastens to add that counsel's subsequent discharge is wholly unrelated to Defendant's email**.

### DEFENDANT'S COUNSEL'S HAS REPEATEDLY ENGAGED IN UNCIVIL COMMUNICATION EXCHANGES

Defendant's counsel has been, at the very least, uncivil, when communicating with Plaintiff's counsel from the outset of the instant action. For instance, Defendant filed their Motion to Dismiss

on February 27, 2024, in which Plaintiff contended, and the Court agreed that Defendant went "outside the four corners of the complaint." [Defendant, in its Motion to Dismiss, relies upon evidence that was not attached to the Complaint. [Dkt. 21-1). This Court Denied in Part Defendant's Motion on July 11, 2024. (Dkt. 35)

On March 19, 2024 following the submission of Plaintiff's Opposition to JetBlue's Motion to Dismiss, Defendant demanded to know why Plaintiff argued against the inclusion of these documents outside the four corners of the complaint. See Raymond Berti March 19, 2024 1:25pm,  Exhibit "**B**" These emails occurred when the Motions were fully briefed and pending a decision with this Court. Yet, Defendant apparently wanted to litigate the motions through emails.

Hostile and uncivil emails were repeatedly sent to Plaintiff's counsel demanding to meet and confer, without Defendant's counsel providing a reason for the meeting, and simultaneously threatening sanctions against Plaintiff's counsel.

Defendant's counsel emailed;

> This is not difficult – are you willing or unwilling to (1) explain the basis for the statements in Plaintiff's Opposition disputing the authenticity of Plaintiff's e-mail and Facebook post; and (2) confirm whether or not Plaintiff has voluntarily waived the retaliation and hostile-work environment claims? I do not understand Plaintiff's position in either of these respects. From Raymond Berti and Ashlea Edwards to Dawn Alba on March 20, 2024 at 10:18am. See Exhibit "**B**"

These emails continued where Defendant's counsel, repeatedly wanted to discuss the "evidence presented outside the four corners of the complaint." Plaintiff then responded by sharing the Local Rules regarding a meet and confer. Even after stating the clear position regarding Plaintiff's counsel's willingness to meet and confer, it was met with hostility, claiming that Plaintiff's counsel is refusing to speak with him and threatening sanctions. In addition, he claims he could not tell me what exactly the meet and confer was regarding. See Exhibit "**B**"

7

Then another hostile exchange began in April. This was the first email sent by Defendant's counsel subsequent to the exchange of initial disclosures. This type of exchange is almost always civil; however, Defendant's counsel chose to be hostile once again.

> We hereby demand that Plaintiff cure the deficiencies in her initial disclosures by **this Friday, April 19th**. If we do not hear from you by close of business **this Friday, April 19th**, we will be constrained to seek judicial intervention. Raymond Berti April 16, 2024 1:22pm. See Exhibit "**B**"

> While Defendant, themselves, provided "woefully inadequate" and "boilerplate responses,"

Defendant's counsel threatened Plaintiff's counsel with sanctions regarding Initial Disclosure - calculations of damages. This is something that can normally be handled in a civil manner, yet here, Defendant's counsel's first step is to threaten Plaintiff's counsel with motions to compel. Plaintiff replied with the following in pertinent part:

> I must say that you have a very hostile way of communicating which fails to comport with Florida Rules of Professional Conduct. I understand that you are a New York lawyer, but you are practicing in Florida as a privilege and not a right. As such, prior to gaining the privilege to practice here, you submitted under oath that you had reviewed the rules of practicing in Florida and that you swore that you would also abide by those rules.:

> F.L.M.D. L.R. 2.012.01(e) CONDUCT. A lawyer appearing in the Middle District must remain familiar with, and is bound by, the rules governing the professional conduct of a member of The Florida Bar.

> First, I find it hypocritical that you would point out that Plaintiff's disclosures are deficient when your own are woefully inadequate and the boilerplate response; naming only six individuals in all of JetBlue that had anything to do with the wrongful termination and all the events that led up to that event, including, but not limited to, the communications with the ADA, falls well short of a good faith disclosure. Not only, do you merely state that the six named individuals, but you also fail to disclose "the subject matter of that information that the disclosing party may use to support its claims or defenses." This boilerplate response prejudices Plaintiff by not providing notice of the subject matter of these potential witnesses. See Email from Dawn Alba to Raymond Berti and Ashlea Edwards April 17, 2024 at 9:32am, Exhibit "**B**."

## CONCLUSION

Plaintiff's counsel is not surprised at Defendant's counsel Opposing a Motion for Plaintiff's counsel to Withdraw while threatening sanctions *again*, because Defendant's counsel's first resort is

and has been to threaten the opposing party with sanctions; however, the client, Ms. Serian has the absolute right to do what she deems appropriate in regards to her representation in this matter. She may seek alternate counsel or she has every right to represent herself *pro se*. Additionally, Plaintiff has made it clear that she is not seeking any extension of time or a stay in this action; hence, since Defendant makes it very clear that no extensions, or stays should be granted, then it would be disingenuous of them to request an extension of time to comply with their pending discovery responses.

**WHEREFORE,** Plaintiff requests that this Court GRANT her Motion to Withdraw and for any further relief that this Court deems fair and just.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the following was sent by electronic mail on the_____ day of October 2024 to the recipients on the SERVICE LIST below.

_Dawn M. Alba_

Dawn M. Aba, Esq, Attorney for Plaintiffs
F.B.N. 112814.
Alba Law Office, PA
50 SE Ocean Blvd., Suite 304
Stuart, FL 34494
(561) 584-0023 office
(772) 247-6784 cell
Dawn@Albalawoffice.com

## SERVICE LIST

Ashlea A. Edwards
Florida Bar Number: 117691
Email: ashlea.edwards@akerman.com
**AKERMAN LLP**
50 North Laura St., Suite 3100
Jacksonville, Florida 32202
Telephone: (904) 798-3700
Facsimile: (904) 798-3730

Raymond J. Berti
*Admitted pro hac vice*

9

Email: Raymond.berti@akerman.com
**AKERMAN LLP**
1251 Avenue of the Americas, 37th Floor
New York, NY 10020
Tel: (212) 880-3800
Fax: (212) 880-8965
*Counsel for Defendant JetBlue Airways Corporation*