UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ELISABETH SERIAN,

    Plaintiff,

v.                                                   Case No: 6:23-cv-2471-JSS-LHP

JETBLUE AIRWAYS
CORPORATION,

    Defendant.
_____/

## ORDER

Defendant, JetBlue Airways Corporation, moves for summary judgment. (Dkts. 67–68, 70.) Plaintiff, Elisabeth Serian, proceeding pro se, opposes the motion.[1] (Dkt. 69.) Upon consideration, for the reasons outlined below, Defendant's motion is granted.

## BACKGROUND

Plaintiff began working as a flight attendant for Defendant in March 2014. (Dkt. 2 ¶ 14.) On March 13, 2020, the United States government declared the coronavirus pandemic a national emergency. Proclamation No. 9994, 85 Fed. Reg.

---

[1] Plaintiff's response appears to violate the court's typography requirements and does not comply with the Local Rule on motions, briefs, and other legal memorandums. (*See* Dkt. 69.) *See* M.D. Fla. R. 1.08(a)–(b), 3.01(b). Defendant requests that the court strike or disregard Plaintiff's response for these reasons. (Dkt. 70 at 1–2.) Nevertheless, the court will consider Plaintiff's response in its entirety. *See* M.D. Fla. R. 1.01(a)–(b) (noting that the court may "temporarily modify or suspend the application of" these rules "[i]f reasonably necessary to" "advance efficiency, consistency, convenience, and other interests of justice").

15337 (Mar. 18, 2020).[2]  Three weeks later, the Centers for Disease Control and Prevention began to recommend that people wear masks when in public to stem the spread of the virus.  *See CDC Museum COVID-19 Timeline* (July 8, 2024), https://www.cdc.gov/museum/timeline/covid19.html#:~:text=April%203%2C%202020,when%2.[3]  In accordance with this guidance, Defendant "adopted a mandatory face mask policy for [c]rewmembers" on April 17, 2020.  (Dkt. 68-1 at 4.)

Plaintiff alleges that she originally complied with the mandatory mask policy until she started "experiencing respiratory difficulties."  (Dkt. 2 ¶ 21.)  On July 16, 2020, Plaintiff made a formal request to Defendant for an accommodation, writing in an email to Defendant's workplace accommodations team that she had a doctor's note stating that she "c[ould not] wear a mask for health reasons."  (Dkt. 68-5 at 2–3.)  On August 5, 2020, Defendant informed Plaintiff that her accommodation request was denied.  (Dkt. 68-6 at 17.)  This decision was memorialized in an August 6, 2020 email informing Plaintiff that her request could not be granted because "all [i]nflight [c]rewmembers [we]re required to wear a mask while performing their essential job functions."  (Dkt. 68-8 at 2.)  Instead, Defendant offered Plaintiff alternative accommodations—protected leave or position reassignment.  (Dkt. 68-1 at 6.)  Plaintiff rejected these alternatives and instead continued to comply with the mask mandate.  (*Id.*)

---

[2] "The contents of the Federal Register shall be judicially noticed . . . ."  44 U.S.C. § 1507.
[3] To provide helpful background information, the court "take[s] judicial notice of government publications and website materials."  *Coastal Wellness Ctrs., Inc. v. Progressive Am. Ins. Co.*, 309 F. Supp. 3d 1216, 1220 n.4 (S.D. Fla. 2018); *see* Fed. R. Evid. 201(b)(2).

In February 2021, the Transportation Security Administration (TSA) began requiring "individuals to wear a mask at TSA airport screening checkpoints and throughout the commercial and public transportation systems." *TSA to Implement Executive Order Regarding Face Masks at Airport Security Checkpoints and Throughout the Transportation Network* (Jan. 31, 2021), https://www.tsa.gov/news/press/releases/2021/01/31/tsa-implement-executive-order-regarding-face-masks-airport-security. On April 13, 2022, the TSA announced that it would be extending the mask mandate, which had been set to expire on April 18, 2022. *See TSA Extends Face Mask Requirement Through May 3, 2022* (Apr. 13, 2022), https://www.tsa.gov/news/press/statements/2022/04/13/tsa-extends-face-mask-requirement-through-may-3-2022. That same day, Plaintiff emailed Defendant's chief executive officer, among others, writing that she was "done complying [with] tyranny" and that as of April 18, she "w[ould] no longer be wearing a mask." (Dkt. 68-12 at 2.) She posted a copy of this email on a private Facebook page for Defendant's inflight crewmembers, stating: "If you[ a]re done [complying,] then join me and the MANY [crewmember]s [who] are also done." (Dkt. 68-13 at 2.)

Shortly thereafter, Plaintiff was told she would be required to attend an investigatory meeting regarding her email and that she was being suspended with pay pending an investigation into her conduct. (Dkt. 68-14 at 5; *see* Dkt. 68-6 at 22–23.) At that meeting, Plaintiff shared a presentation she had prepared explaining why she refused to follow the mask mandate. (Dkt. 67 at 12; Dkt. 69 at 4; *see* Dkt. 68-15 at 9–30.) On April 26, 2022, Defendant emailed Plaintiff its decision to terminate her

employment because her April 13 email violated company policies. (*See* Dkt. 68-16.) On October 4, 2022, Plaintiff filed a charge of disability discrimination under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12112(b)(5), with the Equal Employment Opportunity Commission (EEOC), claiming that Defendant had unlawfully denied her request for an exemption from its mask mandate. (Dkt. 68-17 at 2.) The EEOC issued a right to sue letter on September 25, 2023. (Dkt. 2-2.)

Plaintiff filed a complaint asserting a failure to accommodate claim under the ADA, as well as claims of retaliation and a hostile work environment. (*See* Dkt. 2.) Upon Defendant's motion, the court dismissed the latter claims without prejudice for failure to state a claim and to exhaust administrative remedies. (Dkt. 35 at 10–17.) However, because it found that Plaintiff had stated a claim for failure to accommodate, the court denied Defendant's motion as to that count. (*Id.* at 5–10.) The court granted Plaintiff leave to amend her complaint to replead her retaliation and hostile work environment claims on or before August 12, 2024, (*id.* at 17), which Plaintiff did not do. Though Plaintiff was initially proceeding with a lawyer in this matter, her lawyer withdrew from this case on November 1, 2024. (*See* Dkt. 45.) Since then, Plaintiff has been proceeding pro se. Discovery closed on April 1, 2025, (Dkt. 18), and Defendant then filed the instant motion for summary judgment, (Dkt. 67).

## APPLICABLE STANDARDS

Summary judgment is appropriate if no genuine dispute of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The party moving for summary judgment must "cit[e] to particular parts of materials

in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials" to support its position that it is entitled to summary judgment. Fed. R. Civ. P. 56(c)(1)(A). "The court need consider only the cited materials" when resolving the motion. Fed. R. Civ. P. 56(c)(3); *see HRCC, Ltd. v. Hard Rock Cafe Int'l (USA), Inc.*, 703 F. App'x 814, 817 (11th Cir. 2017) ("This rule was implemented so that a court may decide a motion for summary judgment without undertaking an independent search of the record." (quotation omitted)).

A factual dispute is "genuine" only if "a reasonable jury could return a verdict for the non[-]moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" if the fact could affect the outcome of the lawsuit under the governing law. *Id.* The moving party bears the initial burden of identifying those portions of the record showing a lack of a genuine factual dispute. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1260 (11th Cir. 2004). If the movant shows that no evidence supports the non-moving party's case, the burden then shifts to the non-moving party to show that there are, in fact, genuine factual disputes precluding judgment as a matter of law. *Porter v. Ray*, 461 F.3d 1315, 1320 (11th Cir. 2006).

To satisfy its burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *see Burger King Corp. v. Weaver*, 169 F.3d 1310, 1321 (11th Cir. 1999) ("The mere existence of a scintilla of evidence in

support of the [non-moving party]'s position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." (quotation omitted)). The non-moving party must go beyond the pleadings and "identify affirmative evidence" that creates a genuine dispute of material fact. *Crawford-El v. Britton*, 523 U.S. 574, 600 (1998); *see also HRCC*, 703 F. App'x at 816–17 ("Presenting arguments in opposition to a motion for summary judgment is the responsibility of the non-moving party, not the court." (alteration adopted) (quoting *Blue Cross & Blue Shield of Ala. v. Weitz*, 913 F.2d 1544, 1550 (11th Cir. 1990))). In determining whether a genuine dispute of material fact exists, the court must view the evidence and draw all factual inferences in the light most favorable to the non-moving party and must resolve any reasonable doubts in that party's favor. *Skop v. City of Atlanta*, 485 F.3d 1130, 1136 (11th Cir. 2007). The court will not weigh the evidence or make findings of fact. *Morrison v. Amway Corp.*, 323 F.3d 920, 924 (11th Cir. 2003). Summary judgment should be granted only "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non[-]moving party." *Matsushita*, 475 U.S. at 587.

## ANALYSIS

In its motion, Defendant argues that Plaintiff's failure to accommodate claim fails as a matter of law because she failed to timely exhaust her administrate remedies, Plaintiff is not a qualified individual under the ADA, and Plaintiff's requested accommodation posed an undue hardship. (*See* Dkt. 67 at 15–25.) Because the court

determines that Plaintiff failed to timely exhaust her administrative remedies, the court does not consider the latter arguments.

The timely filing of an EEOC charge is considered a prerequisite to filing an ADA action. *Maynard v. Pneumatic Prods. Corp.*, 256 F.3d 1259, 1262 (11th Cir. 2001); *see City of Hialeah v. Rojas*, 311 F.3d 1096, 1102 (11th Cir. 2002) ("If the victim of an employer's unlawful employment practice does not file a timely [charge], the unlawful practice ceases to have legal significance, and the employer is entitled to treat the unlawful practice as if it were lawful."). "For a charge to be timely filed in . . . Florida, it must be filed within [three hundred] days of the . . . discriminatory act." *EEOC v. Joe's Stone Crabs, Inc.*, 296 F.3d 1265, 1271 (11th Cir. 2002). Plaintiff requested an accommodation—an exemption from Defendant's mask mandate—on July 16, 2020. (Dkt. 68-5 at 2.) Defendant denied that request on August 5, 2020. (Dkt. 68-8 at 2.) Plaintiff did not, however, file a charge with the EEOC until October 4, 2022, nearly eight hundred days after Defendant denied her accommodation request. (Dkt. 68-17 at 2–3.) Because Plaintiff did not timely file a charge with the EEOC, her failure to accommodate claim is not actionable. *See Joe's Stone Crabs*, 296 F.3d at 1271.

Plaintiff argues that "the time clock restarted" when she made two subsequent requests for an exemption from Defendant's mask mandate in April 2022. (Dkt. 69 at 21; *see id.* at 22 ("Defendant appears unwilling to acknowledge . . . Plaintiff's request for an accommodation both in the email to the CEO dated April 13, 2022[,] and the mandatory meeting [on] April 18, 2022. . . . Plaintiff directly communicated to the CEO that her health condition had rendered wearing a mask untenable.").) However,

"any subsequent request for the same accommodation does not, and cannot, restart the statute of limitations period." *Campbell v. Boies, Schiller, Flexner LLP*, 543 F. Supp. 3d 1334, 1344 (S.D. Fla. 2021) (quotation omitted). This rule makes sense, as a contrary conclusion would permit a plaintiff raising a failure to accommodate claim to sidestep any timeliness issue by simply making repeated requests for the same accommodation. *See Mercer v. Se. Pa. Transit Auth.*, 26 F. Supp. 3d 432, 442 (E.D. Pa. 2014) ("[I]f an employee could render a [failure to accommodate] claim timely by simply renewing a previously denied request, the limitations period would be rendered meaningless."); *see also Del. State Coll. v. Ricks*, 449 U.S. 250, 261 n.15 (1980) ("Mere requests to reconsider . . . cannot extend the limitations period applicable to the civil rights laws.").

Plaintiff also argues that her claim is saved by the continuing violation doctrine based on Defendant's April 18, 2022 denial of her renewed requests for an accommodation. (Dkt. 69 at 21 ("[The] first denial of accommodation was in August 2020. However, on April 18, 2022, the time clock restarted when [Plaintiff] requested a reasonable accommodation in an investigatory hearing. . . . This instance of discrimination began when . . . Defendant disregarded [Plaintiff's] request and terminated her employment.").) She contends that "[w]here, as here, a case involves a 'continuing violation,' instances of discrimination will not be deemed time-barred even if they fall outside of the [three-hundred]-day limitations period." (*Id.*) She relies on *National Railroad Passenger Corp. v. Morgan* for this proposition, (*id.*), but the Supreme Court there held only that hostile work environment claims may include

conduct that occurred outside the three-hundred-day window because the "very nature" of such claims "involves repeated conduct." 536 U.S. 101, 115 (2002); *see Wallace v. Shands Teaching Hosp. & Clinics, Inc.*, No. 1:20-cv-126-AW-GRJ, 2021 WL 11680311, at *2 (N.D. Fla. Jan. 21, 2021) ("While *Morgan* holds that hostile work environment claims may include conduct outside the [three-hundred]-day window, this is not the case for a discrete act . . . . [The defendant]'s denial of [the plaintiff]'s requested accommodation was a discrete act." (quotation and citation omitted)). Failure to accommodate claims are different in kind from hostile work environment claims because failure to accommodate claims involve discrete acts of alleged discrimination. Accordingly, the continuing violation doctrine does not apply to failure to accommodate claims. *See Abram v. Fulton Cnty. Gov't*, 598 F. App'x 672, 676 (11th Cir. 2015) ("The district court correctly concluded that the continuing violation doctrine was inapplicable in this case because . . . all of [the plaintiff's] claims . . . alleged a specific instance of [the defendant]'s failure to grant her requested accommodations . . . ."); *Helmke v. City of Port St. Lucie*, No. 22-cv-14398-Cannon/McCabe, 2023 WL 3178561, at *2 (S.D. Fla. Apr. 12, 2023) ("Because a claim for failure to accommodate involves discrete acts of alleged discrimination rather than a continuing violation, a plaintiff must file an EEOC charge within [three hundred] days of the denial of the accommodation; otherwise, the claim is time barred."), *report and recommendation adopted by* 2023 WL 3172613, at *1 (S.D. Fla. May 1, 2023).

"By choosing what are obviously quite short deadlines, Congress clearly intended to encourage the prompt processing of all charges of employment discrimination." *Mohasco Corp. v. Silver*, 447 U.S. 807, 825 (1980). "[S]trict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law." *Id.* at 826. Because Plaintiff failed to timely exhaust her administrative remedies, her failure to accommodate claim is time-barred, and thus, Defendant is entitled to summary judgment in its favor.

## CONCLUSION

Accordingly:

1. Defendant's motion (Dkt. 67) is **GRANTED**.

2. The Clerk is **DIRECTED** to enter judgment in favor of Defendant, to terminate any pending motions and deadlines, and to close this case.

**ORDERED** in Orlando, Florida, on June 16, 2025.

JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record
Unrepresented Party